# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY S. DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-773 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Caiazza |
| ROBERT M. FERRY, MELISSA PATTERSON, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

### II. REPORT

The Plaintiff, Gregory S. Dockery ("Dockery" or "the Plaintiff"), a state pretrial detainee confined at the Allegheny County Jail, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Dockery alleges that Defendant Ferry, a police officer, has falsified police reports which resulted in Dockery being charged with Robbery, Simple Assault and Disorderly Conduct. Dockery seeks as relief the dismissal of the pending criminal charges, the termination of Defendant

Ferry's employment, and he also requests that charges be commenced against Ferry.

The instant Complaint is virtually identical to a Complaint filed by Dockery at Civil Action No. 08-277 which was dismissed as frivolous on May 7, 2008.

A. **Applicable Law.**

This Court is required to review the Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires federal courts to review prisoner complaints that seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief", the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, actions in which litigants are permitted to proceed in *forma pauperis* must be reviewed pursuant to Section 1915(e) of the PLRA. The court is directed to dismiss, at any time, an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dockery is considered a "prisoner" as that term is defined

under the PLRA. 28 U.S.C. §§ 1915(h); 1915A(c). Defendant Ferry is a local police officer, i.e., an employee of a governmental entity. The Plaintiff also seeks permission to proceed in *forma pauperis*. (Doc. 1). Thus, Dockery's allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A and 1915(e).

In reviewing complaints under 28 U.S.C. §§ 1915A and 1915(e), a federal court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). E.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957).

## B. Analysis

Dockery seeks three types of relief: (1) dismissal of the pending state criminal charges; (2) termination of the Defendant's employment; and (3) the filing of criminal charges against Ferry.

First, Dockery cannot seek dismissal of criminal charges in a §1983 action; a federal habeas corpus petition "is the exclusive remedy for a state prisoner who challenges the fact or

duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Clearly, this action is frivolous to the extent that Dockery seeks relief which can only be sought through a habeas corpus proceeding.

Next, even if the Plaintiff succeeded on his underlying civil rights claim, the Court cannot issue an order which would direct a local government entity to terminate a police officer's employment, or to file criminal charges. Compare, In re Jones, 28 Fed.Appx. 133, 134 (3d Cir.2002) ("Jones is not entitled to relief . . . . [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials.")

### III CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil rights action be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 23, 2008.

June 5, 2008

*Francis X. Caiazza*
Francis X. Caiazza
United States Magistrate Judge

cc:
GREGORY S. DOCKERY
19725
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219-3100